# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD SCHECHTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 09-cv-00144 |
| | ) | |
| DENISE BONFILIO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Before the Court is a MOTION FOR PRELIMINARY INJUNCTION (Document No. 5), with brief in support (Document No. 6) filed by plaintiff Richard Schechtman.

The Court heard argument on the Motion on April 30, 2009. Plaintiff was not present at the hearing; however, he was ably represented by Attorney Michael Dube. Defendant, Denise Bonfilio, pro se, was present at the hearing.

A party which seeks a preliminary injunction must demonstrate the following four factors: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *KOS Pharmaceuticals, Inc. v. Andrx Corp*., 369 F.3d 700 (3d Cir. 2004). These factors merely "structure the inquiry" and no one element will necessarily determine the outcome. The Court must engage in a delicate balancing of all the elements, and attempt to minimize the probable harm to legally protected interests between the time of the preliminary injunction to the final hearing on the merits. *Constructors Association of Western Pa. v. Kreps*, 573 F.2d 811, 815 (3d Cir. 1978).

The movant bears the burden of establishing these elements. *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 486 (3d Cir. 2000).

Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.,* 42 F.3d 1421, 1427 (3d Cir. 1994), *cert. denied,* 514 U.S. 1103 (1995). "The injunction should issue only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief."

After careful consideration of the Affidavits submitted in support of the Motion for Preliminary Injunction, the presentation by counsel for Plaintiff, and the presentation of Defendant, *pro se*, the Court finds and rules that there are sufficient contradictory facts at issue that prevent the Court from making a determination of Plaintiff's likelihood of success on the merits.

Furthermore, the Court is not satisfied that Plaintiff has suffered or is suffering irreparable harm at this time. "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). Thus, " 'the availability of monetary damages belies a claim of irreparable injury.' " *Id.* (*quoting Frank's GMC Truck Center, Inc. v. General Motors Corp.,* 847 F.2d 100, 102 (3d Cir. 1988)). Liquidated monetary damages are available to the plaintiff should he prevail, which makes the extraordinary relief here sought unnecessary.

Accordingly, the Motion for Preliminary Injunction is **DENIED**.

Based on the current status of the relationship of the parties and the representations made at the hearing, the Court strongly encourages the parties to cooperate in preparing the subject property for sale and having same listed for sale as soon as reasonably possible.

Based on representations made by the Defendant at the argument, she may consider filing a motion to open default pursuant to Federal Rule of Civil procedure 55(c).

So **ORDERED** this 30th day of April, 2009.

                                            BY THE COURT:

                                            s/Terrence F. McVerry
                                            United States District Court Judge

cc:     Michael J. Dube, Esquire
        White and Williams, LLP
        Email: DubeM@WhiteandWilliams.com

        Steven J. Forry, Esquire
        White & Williams, LLP
        Email: forrys@whiteandwilliams.com

        Denise Bonfilio
        101 Oak Lane
        Sewickley, PA 15143
        (U.S. Mail, Postage Prepaid and
        Certified Mail, Return Receipt Requested)